FILED
 2007 Aug-30 PM 03:24
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| AVOCENT HUNTSVILLE CORP., ET AL., | ) ) ) |
| **Plaintiffs,** | ) ) |
| vs. | ) ) Civil Action No. CV-07-S-625-NE ) |
| ATEN INTERNATIONAL CO., LTD., | ) ) ) ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on defendant's motion to dismiss, or in the alternative, motion to transfer venue (doc. no. 14) and defendant's motion for leave to file a reply to plaintiff's sur-reply (doc. no. 23). Plaintiffs have filed a response;[1] defendant has filed a reply;[2] and plaintiffs have filed a sur-reply.[3]

**I. FACTUAL BACKGROUND**

Plaintiff Avocent Huntsville is an Alabama corporation having its principal place of business in Huntsville, Alabama. Plaintiff Avocent Redmond is a Washington corporation having its principle place of business in Redmond,

---

[1]*See* doc. no. 16.
[2]*See* doc. no. 19.
[3]*See* doc. no. 22.

Washington.[4]  Both Avocent Huntsville and Avocent Redmond are subsidiaries of Avocent Corporation, a Delaware corporation which is located in Huntsville, Alabama.[5]  Avocent Corporation develops and markets computer hardware devices and systems, including systems that enable workstations to communicate with remote computers.[6]

Defendant ATEN International Co., Ltd. ("ATEN") is a corporation existing under the laws of Taiwan, Republic of China, with its principal place of business in Taipei, Taiwan.[7]  ATEN does not have any offices or employees in the State of Alabama, and has never conducted business in the State of Alabama.[8]  No employee of ATEN has ever visited the State of Alabama for any business purpose.[9]  All of ATEN's employees who are knowledgeable about the research and development of ATEN products and of the inventions claimed in the patents-in-suit are located in Taiwan.[10]

ATEN's counsel sent a letter on May 28, 2004 to Mr. John Cooper, CEO and President of Avocent Corporation, that stated in its entirety:

---

[4]*See* doc. no. 1 at 2.
[5]*See* doc. no. 16 at 4.
[6]*See* doc. no. 1 at 2.
[7]*See* doc. no. 18, Lin Declaration at 2.
[8]*See* doc. no. 18, Lin Declaration at 2.
[9]*See id*.
[10]*See id*.

> Pursuant to Section 154(d) of the U. S. Patent Act, please be advised that the U.S. Patent Office has published a patent application owned by our client ATEN Technology, Inc. A copy of the published patent application is attached. We suggest that you review the claims as we believe they are relevant to a product your company is making, using, selling, offering to sell and/or importing.
>
> If you have any questions, please feel free to contact the undersigned.[11]

ATEN wrote a letter to Amazon on April 27, 2006, informing it of the issuance of the

'112 Patent, and stating in pertinent part:

> In light of this development, it has come to our attention that Amazon is purchasing, using, offering to sell, selling and/or importing the following products that may be covered by one or more claims of the '112 Patent. A copy of the '112 Patent is enclosed hereto for your reference. Below is a partial list of potentially infringing products sold by Amazon:
>
> . . .
>
> Avocent - SVM200
>
> . . .
>
> Please be assured that ATEN greatly appreciates business with Amazon. To that end, we invite you to study the '112 Patent and evaluate the benefits of initiating a discussion with ATEN/IOGEAR for the purchase of the cable KVM product line. Further, in the interest of protecting our valuable intellectual property, we ask you to discontinue selling the above referenced products.[12]

Avocent Redmond brought suit against ATEN and others in the Western

---

[11] Doc. no. 16, Exh. 3.

[12] Doc. no. 16, Exh. 2.

District of Washington in November 2006, alleging that ATEN's keyboard-video-mouse ("KVM") switches infringe three Avocent Redmond patents that are not at issue in the instant action. As follow-up to a settlement discussion in the Washington matter, counsel for ATEN sent a letter to counsel for Avocent Redmond on March 15, 2007, stating:

> At the settlement meeting, ATEN brought to Avocent's attention two of ATEN's patents Avocent is infringing. ATEN would like to resolve all outstanding disputes and avoid any further litigation between the parties.
>
> One of the patents ATEN identified is . . . U.S. Patent No. 6,957,287 ("the '287 Patent") . . .
>
> Another patent ATEN identified is U.S. Patent No. 7,035,112 ("the '112 Patent") . . .[13]

Plaintiffs filed this action for unfair competition, intentional interference with business relations, and a declaratory judgment of non-infringement and invalidity of U. S. Patent No. 6,957,287 ("the '287 Patent"), and U.S. Patent No. 7,035,112 ("the '112 Patent") against ATEN on April 6, 2007.

Defendant moves to dismiss the entire action for lack of personal jurisdiction. Alternatively defendant moves to dismiss Count III and IV for failure to state a claim and moves to dismiss Counts I and II for lack of subject matter jurisdiction. Further,

---

[13]Doc. no. 16, Thomas Decl., Exh. 1. The letter also states "[a]t least Avocent's SwitchView line of products infringes the '287 patent" and "[a]t least Avocent's SwitchView IC KVM switch products infringe the '112 patent". *Id*.

and in the alternative, defendant moves to transfer this case to the Western District of Washington where Avocent Redmond has sued ATEN for Patent infringement.

## II. DISCUSSION

Federal district courts are tribunals of limited jurisdiction, "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "'Personal jurisdiction . . . is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication.'" *Mercantile Capital, LP v. Federal Transtel, Inc.,* 193 F. Supp. 2d 1243, 1247 (N.D. Ala. 2002) (quoting *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999) (in turn quoting *Employers Reinsurance Corp. v. Bryant,* 299 U.S. 374, 382 (1937)).

When a district court's jurisdiction is at issue, and an evidentiary hearing has not been held,

> [t]he plaintiff bears the initial burden of alleging personal jurisdiction by pleading sufficient material facts to establish the basis for exercise of such jurisdiction. *Future Technology Today, Inc. v. OSF Healthcare Systems,* 218 F.3d 1247, 1249 (11th Cir. 2000). If the plaintiff has done so, the burden shifts to the defendant to make a prima facie evidentiary

> showing, by affidavits or otherwise, that personal jurisdiction is not present. *Id.* If the defendant sustains that responsibility, *the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint. Id.* However, the allegations in the complaint still must be taken as true to the extent they are uncontroverted by the defendant's affidavits. *S & Davis Intern., Inc. v. The Republic of Yemen,* 218 F.3d 1292, 1303 (11th Cir. 2000). And if the parties present conflicting evidence, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing will be sufficient to survive the motion to dismiss notwithstanding the contrary presentation by the moving party. *Id.*

*Mercantile Capital,* 193 F. Supp. 2d at 1247 (emphasis supplied).

Further, "[p]ersonal jurisdiction may be *general*, which arise [sic] from the party's contacts with the forum state that are unrelated to the claim, or *specific*, which arise [sic] from the party's contacts with the forum state that *are* related to the claim." *Nippon Credit Bank, Ltd. v. Matthews,* 291 F.3d 738, 747 (11th Cir. 2002) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415 n.9 (1984); *Madara v. Hall,* 916 F.2d 1510, 1516 n.7 (11th Cir. 1990)) (emphasis supplied).

**A.     Specific Jurisdiction**

Specific jurisdiction arises from the activities of an out-of-state defendant in the forum state that *are related* to the plaintiffs' cause of action. The specific jurisdiction analysis implicates due process "minimum contacts" principles. *See International Shoe v. Washington*, 326 U.S. 310, 316 (1945).

The determination of whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment also is a two-part inquiry. "First, we must decide whether each defendant has established 'minimum contacts' with [the forum state]. Second, we must determine whether the exercise of personal jurisdiction would offend 'traditional notions of fair play and substantial justice.'" *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 258 (citations and some quotation marks omitted).

The Eleventh Circuit has adopted a three-part test to determine if minimum contacts are present:

> First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . . , thus invoking the benefits and protections of its laws." Third, the defendant's contacts with the forum must be "such that [the defendant] should reasonably anticipate being haled into court there."*Vermeulen* [*v. Renault, U.S.A., Inc.*, 965 F.2d 1014, 1016 (11th Cir. 1992), *modified and superseded by,* 985 F.2d 1534 (11th Cir.), *cert. denied,* 508 U.S. 907 (1993)]. The availability of specific jurisdiction depends on the relationship among the defendant, the forum, and the litigation. *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.,* 786 F.2d 1055, 1057 (11th Cir. 1986).

*Francosteel Corp. v. M/V Charm,* 19 F.3d 624, 627 (11th Cir. 1994). In summary, when a nonresident person (or entity) purposefully avails himself (or itself) of the laws of the forum state, courts sitting within that state are entitled to assert specific

jurisdiction over that party.

Plaintiffs assert that this court has specific personal jurisdiction over ATEN because of three letters; (I) the letter of May 28, 2004 to Mr. John Cooper, CEO and President of Avocent Corporation, notifying him of a Patent application; (ii) the April 27, 2006 letter from ATEN to Amazon on April 27, 2006, informing it of the issuance of the '112 Patent; and (iii) the March 15, 2007 letter from ATEN's counsel sent to counsel for Avocent Redmond informing counsel after a settlement meeting on the Washington case that Avocent was infringing two of ATEN's patents (the '112 Patent and the '287 Patent involved in the instant case). Plaintiffs argue that ATEN purposefully directed its infringement allegations, and the resulting harm at Avocent in Huntsville, and therefore either knew, or should have known, that the harm from the allegations would be felt in Alabama. Plaintiffs cite *Calder v. Jones*, 465 U.S. 783, 790 (1984), in support of this argument.

In *Calder*, the Supreme Court held that a California court could exercise jurisdiction over two Florida petitioners who allegedly published a libelous article about a California resident. Even though petitioners' contacts with California that were unrelated to the action were minimal, the Court found that jurisdiction by the California court was appropriate because the petitioners were the "primary participants in an alleged wrongdoing intentionally directed at a California resident."

*Id.* at 790.  Petitioners knew that the brunt of their alleged conduct would be felt by respondent in her own state and, "[u]nder the circumstances, petitioners must reasonably anticipate being haled into court there."  *Id.* at 789.

Defendant contends, on the other hand, that *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt*, 148 F.3d 1355, 1360 (Fed. Cir. 1998), governs the outcome.  In *Red Wing Shoe*, the defendant sent three letters to Red Wing in Minnesota, charging the company with infringement of patents that were the subject of the action.  The Federal Circuit found that under the second part of the Due Process/minimum contacts inquiry, a patentee does not subject itself to personal jurisdiction in a forum solely by informing a party in that forum of suspected infringement.  *See id*. at 1360-61.  "Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness."  *Id*. at 1361.  In reaching its decision, the Federal Circuit distinguished a prior case, *Akro Corp. v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995), where specific jurisdiction was found to exist.

> [T]he declaratory judgment action in *Akro* also was precipitated by a cease-and-desist letter sent into the forum state and subsequent negotiations for settlement.  *See Akro*, 45 F.3d at 1542.  Nevertheless, in that case, this court held that the patentee was constitutionally amenable to suit in the forum state, finding "specific jurisdiction" *because the patentee had substantial contacts with an exclusive licensee who was incorporated and had its principal place of business there*.  *See id*. at 1543.

*Red Wing Shoe*, 148 F.3d at 1362 (emphasis supplied).

No such license, exclusive or otherwise, is involved in the instant case. Moreover, the contacts with the forum (Alabama) are much less than that involved in *Red Wing Shoe*. The court easily concludes that ATEN did not purposefully submit itself to jurisdiction in Alabama by sending the three letters listed above.

Because the court finds defendant does not have minimum contacts with Alabama, the court need not address the second prong of the due process analysis: *i.e.,* whether the exercise of personal jurisdiction over defendant in an Alabama court would offend "traditional notions of fair play and substantial justice." *Robinson*, 74 F.3d at 258.

**B.    General Jurisdiction**

"The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state." *Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000); *see also Helicopteros*, 466 U.S. at 414. Plaintiffs assert a stream of commerce theory to support their assertion of general personal jurisdiction.[14]

---

[14]The court notes at the outset a division of authority and confusion concerning whether a "stream of commerce plus" test applies in an analysis of general jurisdiction. "Stream of commerce plus" refers to Justice O'Connor's plurality opinion in *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102 (1987), in which she suggested that placement of

Plaintiffs point to the U.S. version of ATEN's website that contains a page called "Clearance Center."[15] Plaintiffs attach the declaration of an Avocent employee who states he recently purchased an ATEN product off of the Clearance Center web page from his Huntsville office.[16] It is not clear whether the product purchased or the products available on this web page have any relation to the patents at issue in this declaratory judgment action. Avocent's employee also states that he went to a Best Buy store in Huntsville, Alabama, and saw that Best Buy was selling at least two different models of ATEN's KVM switches.[17] Again, it is not clear whether these KVM switches are the ones with patents involved in the Washington action, the

---

a product into the stream of commerce *plus* additional conduct indicating an intent or purpose to serve the market in the forum state would suffice to constitute purposeful availment. *See id*. at 1032. Examples of such additional conduct include: "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." *Id.* Alabama and the Eleventh Circuit appear to apply a "stream of commerce plus" test. *See Madara v. Hall*, 916 F.2d 1510 (11th Cir. 1990) and *Ex Prate Alloy Wheels International Ltd.*, 882 So. 2d 819 (Ala. 2003). *Accord Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 683 (1st Cir. 1992); *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945-46 (4th Cir. 1994); *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 479–80 (6th Cir. 2003). *But see Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1548 (11th Cir. 1993) (indicating the Eleventh Circuit had not decided the issue).

Other circuits employ the "stream of commerce" approach from Justice Brennan's plurality opinion, finding that a defendant that places products into the stream of commerce and is aware that the products may be sold in the forum state has purposefully availed itself of the benefits of that state's laws. *See Ruston Gas Turbines, Inc. v. Donaldson, Co.*, 9 F.3d 415, 420 (5th Cir. 1993); *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 947 (7th Cir. 1992); *Barone v. Rich Brothers Interstate Display Fireworks, Co.*, 25 F.3d 610, 613-15 (8th Cir. 1994). Under either test, the result in the present action will be the same under the facts presented.

[15]*See* doc. no. 16 at 9.

[16]*See id*., Hallman Decl.

[17]*See id*.

instant action, or neither.

ATEN's website lists five different distributors of ATEN products, including three that sell in the United States.[18] IOGEAR's website shows that ATEN/IOGEAR sells its products through almost forty resellers that appear to cover the entire United States, and many of IOGEAR's resellers are internet resellers.[19] At least two of the resellers, CompUSA and Best Buy, identify on their respective web sites that ATEN's IOGEAR brand products are for sale in Alabama. Finally, plaintiffs point out that ATEN's products are available for sale in Alabama through the GSA schedule.[20]

ATEN counters that the mere fact that ATEN may do business with businesses that do business in Alabama is not enough to establish the "substantial, continuous and systematic contact" necessary to meet the more stringent standard for general personal jurisdiction.[21] The most instructive case, cited by plaintiffs, is *Viam Corporation v. Iowa Export-Import Trading Co.*, 84 F.3d 424 (Fed. Cir. 1996). That case also was a declaratory judgment action in which Viam, the purported infringer, sued the exclusive distributor of an Italian company for a declaration of non-infringement and invalidity of the Italian company's patent. The court found personal

---

[18]*See* doc. no. 16 at 10.
[19]*See id*.
[20]*See* doc. no. 16 at 11.
[21]*See* doc. no. 19 at 8.

jurisdiction over defendants in a California court because evidence established "a regular chain of distribution from [the Italian company] through [its exclusive distributor] to various markets in the United States." 84 F.3d at 429. The Italian company specifically assisted the exclusive distributor with advertising in California.

> Furthermore, [the Italian company] did not simply place its product into the stream of commerce. [It] knowingly and intentionally exploited the California market through its exclusive distributor's advertising in California, and by establishing channels for providing regular advice in California. [The exclusive distributor] advertised and sold, and is presently advertising and selling [the Italian company's] products, including the subject of the '386 patent," in California . . . and provided . . . numerous sales aids which [it] knew would be used in California for welling [its] products there.

84 F.3d at 429. These substantial contacts with the forum are distinct from the circumstances of the present case. No similar systematic and continuous contact by ATEN with Alabama has been shown by plaintiffs. Accordingly, general personal jurisdiction over ATEN does not exist.

## IV. CONCLUSION

Based on the foregoing, it is ordered that defendant's motion to dismiss is GRANTED, and this action is dismissed without prejudice for lack of personal jurisdiction. Defendant's motion for leave to file a reply to plaintiff's sur-reply is DENIED AS MOOT. The clerk is directed to close this file.

DONE this 30th day of August, 2007.

_____
United States District Judge